In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-566 CV


____________________



JERRY C. McCLELLAND, ET AL., Appellants



V.



ROBERT C. GRONWALDT, ET AL., Appellees
 





On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-144,481






MEMORANDUM OPINION


 This is an appeal from an order granting summary judgment. Finding no reversible
error, we affirm the trial court's judgment.

Background


 Appellant Jerry C. McClelland and numerous other plaintiffs sued appellees Mobil
Oil Corporation ("Mobil"), National Union Fire Insurance Company of Pittsburgh,
Pennsylvania ("National Union"), Insurance Company of the State of Pennsylvania ("ISOP"),
American Home Assurance Company ("American Home"), AIG Risk Management, Inc.
("AIG Risk"), American International Group, Inc. ("AIG Group"), Forum Insurance
Company ("Forum"), Robert C. Gronwaldt, and Glenda Matous. (1) Plaintiffs alleged that
Mobil schemed to deprive appellants of their common-law causes of action for work-related
injuries by fraudulently representing to its employees that it carried workers' compensation
insurance, when Mobil actually had a cash-flow retrospective plan pursuant to side
agreements with its insurance carriers. (2) Plaintiffs asserted causes of action for fraudulent
inducement, commercial bribery, securing execution of a document by deception, breach of
the duty of good faith and fair dealing, violations of article 21.21 of the Texas Insurance
Code, breach of contract, civil conspiracy, and common law fraud.

 Defendants filed a traditional motion for partial summary judgment, in which they
asserted there were no genuine issues of material fact and that Mobil was a workers'
compensation subscriber (i.e. carried workers' compensation insurance) as a matter of law
from 1965 through 1993. The motion asserted that defendants were entitled to summary
judgment because plaintiffs' causes of action for fraudulent inducement, commercial bribery,
securing execution of a document by deception, conspiracy, common law fraud, and common
law negligence are "predicated on a finding that Mobil was not, in fact, a subscriber[,]" and
defendants introduced summary judgment evidence in support of its subscriber status. The
trial court found that Mobil was a workers' compensation subscriber during the pertinent
time periods and entered a partial summary judgment in favor of defendants. Defendants
subsequently filed a no-evidence motion for summary judgment, in which they asserted that
plaintiffs lacked evidence of failure to pay benefits or delay in paying benefits and had no
evidence of any injuries separate and distinct from injuries sustained in the course and scope
of their employment with Mobil. (3) The trial court entered a final judgment that granted
summary judgment against all but five of the plaintiffs. The parties filed a joint motion to
dismiss, and the trial court accordingly dismissed the claims of the five remaining plaintiffs
with prejudice. Plaintiffs then filed this appeal.

Standards of Review


 We review traditional summary judgment orders de novo. See Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). The movants for a traditional
judgment have the burden to establish that no genuine issues of material fact exist and they
are entitled to judgment as a matter of law. Tex. R. Civ. P. 166a©; Nixon v. Mr. Prop. Mgmt.
Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). All evidence favoring the non-movants is taken
as true and every reasonable inference from the evidence is indulged in their favor. Nixon,
690 S.W.2d at 548-49.

Issues One and Two


 In their first issue, plaintiffs contend the "trial court erred in granting summary
judgment because there is a genuine issue of material fact as to whether the 'sham contract'
doctrine allowed the jury to consider whether the 'workers['] compensation insurance'
agreements were true contracts or sham contracts without legal merit." In their second issue,
plaintiffs broadly assert that the trial court erred in granting summary judgment. We address
these issues together.

 The determination of an employer's status as a subscriber is a question of law that we
review de novo. ExxonMobil Corp. v. Kirkendall, 151 S.W.3d 594, 598 (Tex. App.--San
Antonio 2004, pet. denied). Under the Texas Labor Code, which contains the current version
of the Texas Workers' Compensation Act, an "employer" is "a person who makes a contract
of hire, employs one or more employees, and has workers' compensation insurance 
coverage." Tex. Lab. Code Ann. § 401.011(18) (Vernon Supp. 2007). Currently, an
employer may obtain workers' compensation insurance coverage through a licensed
insurance company or through self-insurance. Id. § 406.003 (Vernon 2006). Prior to the
Legislature's comprehensive revision of the workers' compensation scheme in 1989, which
became effective on January 1, 1991, the law required employers to obtain workers'
compensation insurance from an authorized insurer. See Tex. Rev. Civ. Stat. Ann. art.
8309, § 2 (repealed by Act of December 12, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(15),
1989 Tex. Gen. Laws 1, 115, 122). If an employer carries workers' compensation insurance
coverage, "the exclusive remedy for an employee who does not opt out is the recovery of
workers' compensation benefits for personal injuries sustained in the course of employment." 
Kirkendall, 151 S.W.3d at 599 (citing Tex. Lab. Code Ann. § 408.001(a)).

 Accordingly, we examine the summary judgment evidence to determine whether it
established that Mobil carried workers' compensation insurance from 1965 to 1993. Mobil
produced summary judgment evidence which showed that Forum insured Mobil from 1965
to 1981, National Union insured Mobil from 1982 to 1990, and National Union, American
Home, and ISOP insured Mobil from 1991 to 1993. Mobil's summary judgment evidence
included deposition excerpts from an employee of Forum; notices of coverage and notices
of subscriber status; certifications of coverage from the Texas Workers' Compensation
Commission; declaration pages from policies Forum issued to Mobil; workers' compensation
and employers' liability policies issued to Mobil by National Union, American Home, and
ISOP; certificates of authority issued to Forum, National Union, American Home, and ISOP. 
The trial court found that defendants' summary judgment evidence conclusively established
Mobil's status as a subscriber during the relevant time period. We agree.

 Plaintiffs do not contend that the policies of insurance demonstrated by defendants'
summary judgment evidence did not exist. Rather, plaintiffs contend that Mobil entered into
illegal and fraudulent side agreements with the various insurers, thereby implicating the sham
contract doctrine, and stripping Mobil of its status as a subscriber. As the San Antonio Court
of Appeals explained in its well-reasoned opinion in Kirkendall, even if Mobil's insurance
policies were merely sham contracts due to the existence of side agreements with the various
insurers, Mobil did not forfeit its subscriber status. Kirkendall, 151 S.W.3d at 600.

 The validity of a workers' compensation insurance policy is an issue of law
judged from the policy itself. The mere presence of an illegal side agreement
does not invalidate a policy. When the policy does not incorporate the illegal
agreement, but instead is apart from it, the policy itself is valid.


Id. (citations omitted). "Therefore, while Mobil's plan most likely violates an administrative
rule, nothing in Texas law provides that this violation causes an employer to forfeit its
subscriber status." Id. (citing Patterson v. Mobil Oil Corp., 355 F.3d 476, 489-90 n.13 (5th
Cir. 2003)). In addition, as explained by the Kirkendall court, Mobil's use of its own
employees to handle workers' compensation claims, which may have violated certain
administrative rules, does not prevent Mobil from maintaining subscriber status. Kirkendall,
151 S.W.3d at 601. We adopt the reasoning of the San Antonio Court of Appeals and hold
that Mobil's side agreements with its various insurers, as well as its use of its own employees
to handle workers' compensation claims, did not invalidate the insurance policies. See id.
at 600-01. Therefore, because defendants' summary judgment evidence conclusively
established that Mobil carried workers' compensation insurance from 1965 to 1993, the trial
court did not err by entering the partial traditional summary judgment in favor of defendants. 
Accordingly, we overrule plaintiffs' issues and affirm the trial court's judgment.

 AFFIRMED.




 

 STEVE McKEITHEN

 Chief Justice

 

Submitted on October 17, 2007

Opinion Delivered January 10, 2008

Before McKeithen, C.J., Kreger and Hill, (4) JJ.
1. For clarity, we refer to appellants as "plaintiffs" or "appellants" and appellees as
"defendants" or "appellees." We note that in plaintiffs' petition, Glenda Matous's surname
is spelled "Matouse." Elsewhere in the record, it is spelled "Matous."
2. As explained by the San Antonio Court of Appeals in a case involving the same
underlying facts, plaintiffs 


 contend that Mobil engaged in a cash-flow retrospective plan whereby Mobil
had the insurer file a conventional retrospective rated insurance policy with the
state, but it did not actually pay the premium indicated by the policy. Instead,
Mobil pa[i]d a fraction of that premium to cover the insurer's expected losses
paid, expenses, insurance risk premium, and premium taxes. Mobil also issued
letters of credit to the insurer for the difference between the conventional
premium and the amount actually paid. Mobil reinsured the insurer's risk
through an offshore subsidiary. Therefore, Mobil and its reinsurance
subsidiary became the true insurers of the risk associated with Mobil's
workers' compensation program.


ExxonMobil Corp. v. Kirkendall, 151 S.W.3d 594, 600 (Tex. App.--San Antonio 2004, pet.
denied). The Fifth Circuit has also addressed these same contentions in the context of a
claim under the Racketeer Influenced and Corrupt Organizations Act. See Patterson v. Mobil
Oil Corp., 335 F.3d 476 (5th Cir. 2003).
3. In their brief, plaintiffs do not contest the granting of the no-evidence motion for
summary judgment.
4. The Honorable John Hill, sitting by assignment pursuant to section 74.003(b) of the
Texas Government Code. See Tex. Gov't Code Ann. § 74.003(b) (Vernon 2005).